IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RONALD CLARK,** | :<br>: |
| Plaintiff, | : Case No. 2:18-cv-157<br>: |
| v. | : JUDGE ALGENON L. MARBLEY<br>: |
| | : Magistrate Judge Deavers |
| **PIZZA BAKER, INC.,**<br>*et al.*, | :<br>: |
| Defendants. | :<br>: |

**OPINION & ORDER**

This matter comes before the Court on Defendants' Motions to Stay the Briefing on Plaintiff's Motion for Conditional Certification Or, In the Alternative, Extension of Time to Respond to Plaintiff's Motion ("Motions to Stay Conditional Certification") (ECF Nos. 32, 33, 34) and Plaintiff's Motion for Expedited Consideration of Plaintiffs' Motion to Send Notice of This Action to Similarly Situated Employees ("Motion to Expedite") (ECF No. 37). For the reasons set forth below, the Motions to Stay Conditional Certification are **GRANTED** and the Motion to Expedite is **DENIED**.

**I. BACKGROUND**

Plaintiff Ronald Clark worked as a delivery driver and assistant manager at a franchise location of Domino's Pizza located in Cambridge, Ohio. (ECF No. 3 at ¶ 9). The store he worked at was owned and operated by Pizza Baker, Inc. from the beginning of Mr. Clark's employment in January of 2014 until December 31, 2017, after which time Precision Pizza LLC became the owner and operator. (*Id*. at ¶¶ 9, 10, 11). Mr. Clark alleges that while he worked at

1

the store as a delivery driver, he was not adequately reimbursed for his expenses and was thereby not paid minimum wage. (*Id.* at ¶¶ 158, 159).

Mr. Clark initiated this lawsuit on February 23, 2018, against three groups of Defendants: (1) Domino's Pizza, Inc., Domino's Pizza, LLC, and Domino's Pizza Franchising, LLC (the "Domino's Defendants"); (2) Precision Pizza LLC and its president and secretary, Lisa Burkett (the "Precision Defendants"); and (3) Pizza Baker, Inc. and its president, Christopher Baker (the "Baker Defendants'). (ECF No. 1). In his Amended Complaint, Mr. Clark brings class and collective action allegations against all Defendants for violations of the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a, O.R.C. § 4113.14 (Ohio's Prompt Pay Act), and O.R.C. § 2307.60.

On April 19, 2018, Mr. Clark filed a Motion for Conditional Class Certification (ECF No. 21). Within the next eight days, each group of Defendants filed a Motion to Dismiss, with the Domino's Defendants' motion seeking a stay in the alternative. *See* (ECF No. 24) (Precision Defendants' Motion for Partial Dismissal of the First Amended Complaint, filed on April 20, 2019); (ECF No. 26) (Baker Defendants' Motion for Partial Dismissal of the First Amended Complaint, filed on April 23, 2018); (ECF No. 31) (Domino's Defendants' Motion to Strike and Dismiss Or, In the Alternative, to Stay, filed on April 27, 2018) (collectively, "Motions to Dismiss").

On May 2, 2018, all Defendants filed Motions to Stay Conditional Certification (ECF Nos. 32, 33, 34). Defendants seek to stay briefing on the conditional class certification motion until after this Court rules on the pending Motions to Dismiss. In the alternative, Defendants seek a brief extension to file their responses in opposition to the conditional class certification motion ("Responses in Opposition") until May, 25. 2018—the responses would otherwise be due

2

on May 10, 2018. On May 3, 2018, this Court issued an Order setting an expedited briefing schedule for the Motions to Stay Conditional Certification, and preliminarily granted Defendants an extension until May 14, 2018 to file their Responses in Opposition. (ECF No. 35). The Motions to Stay Conditional Certification are now fully briefed and ripe for decision. Additionally, Mr. Clark filed the Motion to Expedite on May 4, 2018. (ECF No. 37). The Motion to Expedite seeks an expedited decision by this Court on the pending Motion for Conditional Class Certification.

## II. LAW AND ANALYSIS

A district Court has broad discretion to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "While courts have yet to define a precise standard to apply to" requests seeking to stay briefing on one motion, as opposed to a stay of the entire case, "a review of the case law from this circuit suggests that courts do not require an affirmative showing of irreparable harm when considering such a motion." *Cobble v. 20/20 Commc'ns, Inc.*, No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017). In considering such motions, courts may consider the interests of judicial economy. *See Price v. Medicaid Dir., Office of Med. Assistance*, No. 1:13-CV-74, 2016 WL 8201769, at *2 (S.D. Ohio Feb. 1, 2016) (granting defendants' motion to stay briefing in the interest of judicial economy). "Indeed, the interest of judicial efficiency is the overriding consideration in these circumstances because determining the

order in which particular matters will be addressed in litigation is a quintessential prerogative of the trial court." *Cobble*, 2017 WL 4544598, at *3.

Here, the Court finds it is in the interest of judicial economy to grant Defendants' requests for a stay related to the Conditional Class Certification Motion. If the Court grants all or part of the pending Motions to Dismiss, the resulting class definition could dramatically change. The Precision Defendants represent, for example, that granting the motions to dismiss could "decrease the putative class members by approximately 99%." (ECF No. 41 at 2). In these circumstances, it will be more efficient for the Court to review the Motions to Dismiss before making any rulings on class certification issues. Further, the Motions to Dismiss were filed only a very short time after Mr. Clark filed his Motion for Conditional Class Certification, meaning the Court likely would have ruled on them around the same anyway, so any resulting stay will be brief and minimally prejudicial. The Court acknowledges Plaintiff's concern that the statute of limitations is not stayed in FLSA actions, but such a broad argument would mean that no FLSA cases can ever be stayed for any period of time. A review of caselaw demonstrates that this is not the case. *See Cobble*, 2017 WL 4544598, at *3 (granting stay of conditional class certification decision in FLSA case until adjudication of pending motion to dismiss or transfer venue).

The fact that one of the arguments at issue in the Domino's Defendants' Motion to Dismiss or Stay regards an arbitration agreement lends further support to the conclusion that a stay is warranted. The Domino's Defendants state that the employees of corporate Domino's restaurants (as opposed to franchises) are subject to an arbitration agreement. This Court has frequently granted motions to stay pending decisions regarding arbitration. *See, e.g.*, *Howard v. Time Warner Cable Inc.,et al.*, Case No. 2:16-cv-1129, ECF No. 38 (S.D. Ohio Feb. 9, 2017)

("The Court finds that because the Motion to Dismiss the Complaint and Compel Arbitration (Doc. 24) presents a threshold issue, the briefing on Plaintiff's pending Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 37) is **STAYED**") (emphasis in original); *Mason v. Synchrony Bank*, No. 3:17-CV-314, 2018 WL 527981, at *1 (S.D. Ohio Jan. 22, 2018) (noting that the Court granted Defendant's Motion for Postponement of Briefing on Plaintiffs' Motion for Conditional Certification because Defendant's Motion to Compel Arbitration "required the Court to determine—at the outset—whether the arbitration agreements are enforceable and, thus, deprive this Court of jurisdiction to hear Plaintiffs' claims"). For all of these reasons, the Court finds a brief stay of the conditional class certification motion is warranted and denies Mr. Clark's Motion to Expedite.

### III.   CONCLUSION

For the reasons set forth above, Defendants' Motions to Stay Conditional Certification (ECF Nos. 32, 33, 34) are **GRANTED**. Defendants are **ORDERED** to file their Responses in Opposition **FOURTEEN (14) DAYS** after this Court rules on the pending Motions to Dismiss (ECF Nos. 24, 26, 31). Plaintiff's Motion to Expedite (ECF No. 37) is hereby **DENIED**.

   **IT IS SO ORDERED.**


                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
**DATED: May 8, 2018**                          **UNITED STATES DISTRICT JUDGE**