IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RONALD CLARK,** *on behalf of himself and those similarly situated*, | : :  : Case No. 2:18-cv-157 |
| **Plaintiffs,** | : : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : : MAGISTRATE JUDGE DEAVERS |
| **PIZZA BAKER, INC.,** *et al.*, | : : |
| **Defendants.** | : |

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Settlement Approval of Settlement between Plaintiff and Defendants Christopher Baker and Pizza Baker, Inc. (the "Baker Defendants"). (ECF No. 170). Having reviewed the Unopposed Motion, this Court **ORDERS** and **ADJUDGES**:

1. That the Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 170) is hereby **GRANTED in part and DENIED in part**.

2. That under R. Civ. P. 23(b)(3), the following proposed class is certified for settlement purposes only: All non-exempt hourly employees of Baker Pizza's Domino's stores who received mileage reimbursement related to the delivery of Domino's pizza (the "Proposed Class"). The Class Period is from February 23, 2015 to February 28, 2021.

3. That the Proposed Class is also certified for settlement purposes only, as a collective under the Fair Labor Standards Act ("FLSA").

4. That, for the purposes of approving the proposed settlement only, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that

1

joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. That, for purposes of approving the proposed settlement only, the members of the Proposed Class are "similarly situated" for purposes of certification under the FLSA.

6. That these conditional findings are limited solely to the claims brought on behalf of the Proposed Class and are for the purposes of certifying the Rule 23 class and the FLSA collective action only. Defendants consent to certification of the Proposed Class only and do not waive any arguments they have opposing class and/or collective action certification if the Court declines to approve the settlement.

7. That, on a preliminary basis, the proposed settlement falls within the "range of reasonableness" and, therefore, preliminary approval is appropriate. Based on a review of the papers submitted by the parties, this Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

8. That the settlement process will be administered by Class Counsel.

9. That the Notice of Settlement, ***with the following adjustments***, will provide the best notice practicable, satisfy the requirements of Rule 23(e), adequately advise the Proposed Class of their rights under the settlement, and meet the requirements of due process.

    a. The Notice of Settlement fairly, plainly, accurately, and reasonably informs the Proposed Class of: (1) appropriate information about the nature of this Action,

      the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the class representative's service payment and Class Counsel's attorney's fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Proposed Class member's right to appear through counsel if they desire; and (4) appropriate instructions about how to obtain additional information regarding this case and settlement.

  b.  The proposed notice ***does not***, however, properly inform the Proposed Class of appropriate information about how to opt-out of or in-to the Settlement. In hybrid actions such as this, the settlement notice serves a dual purpose: it must permit FLSA putative collective action members to opt-in to the settlement while allowing Rule 23 class action members to opt-out of the settlement. The proposed notice does not accomplish this. Specifically, it does not contain a provision allowing FLSA putative collective action members to opt-in to the settlement.[1] Accordingly, Plaintiff is **ORDERED** to file an amended notice that complies with the aforementioned requirements, within **fourteen (14) days** from the date of this Order. To the extent necessary, Counsel should be sure the changes in the amended notice are similarly reflected in the Agreement.[2]

---

[1] From this Court's review, the Opt-in Notice Plaintiffs filed in November 2020 (*see* ECF No. 163-3, 16-4) would seem to accomplish this. While this Court ultimately denies as moot the Motion that accompanied that notice, given the factual developments since its filing, Plaintiffs are free to utilize that notice in crafting their amended settlement notice.

[2] For example, when the Agreement details the Administration Procedure and Timeline, it should include a section on opting into the FLSA collective action. (*See* ECF No. 170-1 at 11).

3

      c. The proposed plan for sending the Notice of Settlement to the Proposed Class members by both first-class mail and email is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement. With the aforementioned amendments, the proposed Notice of Settlement is the best practicable notice under the facts and circumstances of this case.

10. That the attorney's fees and costs requested will be approved at or after the final fairness hearing.

11. That the Parties are ordered to carry out the settlement according to its terms; and

12. That a Final Hearing will be held on October 12, 2022 at 11:00 am, in Courtroom 1 of the Joseph P. Kinneary United States Courthouse. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

13. That any pleadings in support of the proposed settlement shall be filed **fourteen (14) days before** the Final Hearing. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

Pursuant to the foregoing analysis, Plaintiff's Motion (ECF No. 170) is **GRANTED in part and DENIED in part**. Plaintiff is **ORDERED** to file an amended notice that complies with the FLSA's opt-in requirement, within **fourteen (14) days** from the date of this Order. Upon approval of that amended notice, the Notice Period shall commence.

**IT IS SO ORDERED.**

                                                                                      **ALGENON L. MARBLEY**
                                                                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 25, 2022**